UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FRANK EDWARD, JR.,**

    **Plaintiff,**

v.                                                                             Case No. 24-CV-097-RAW-JAR

**MCINTOSH COUNTY, et al.,**

    **Defendants.**

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss [Dkt. No. 24] submitted by Defendants McIntosh County, Kevin Ledbetter, Monica Smith, and Karen Hughes ("Defendants"). Plaintiff Frank Edward, Jr. ("Plaintiff"), a state prisoner appearing pro se and proceeding *in forma pauperis*, has responded in opposition to the motion [Dkt. No. 26], and Defendants have replied [Dkt. No. 27]. For the reasons discussed herein, the Court grants the motion and dismisses this action without prejudice.

    **I.**    **Legal Standard**

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## II.     Discussion

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.  He brings two claims for relief, each related to events he alleged occurred while he was housed at the McIntosh County Jail, in Eufaula, Oklahoma.  Dkt. No. 1, at 5.  In his first claim for relief, Plaintiff states,

> On or about the 8th day of August of 2023 McIntosh County jail employee Karen Hughes under the authority of Monica Smith (Jail A[d]min) did open an[d] tamper[e]d with (not in my presence) federal correspondence between myself and my attorney from the United States District Court for the Northern District Court of Oklahoma.

*Id.*

Interference with a prisoner's legal mail may implicate the prisoner's constitutional right to access to the courts.  *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005).  To state a claim for relief, however, the prisoner must plausibly allege that the interference "resulted in 'actual injury' by 'frustrating,' 'impeding,' or 'hindering his efforts to pursue a legal claim.'"  *Id.* (alterations omitted) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996)).  Cognizable harm arises "when a claim is lost or rejected on account of the defendant's misconduct" or "when the plaintiff's efforts to pursue a claim are impeded."  *Id.* at 1244.  The prisoner "need not show" that the claim would have prevailed absent the interference, but to demonstrate cognizable harm, he must demonstrate "that [the claim] was not frivolous."  *Id.*  Plaintiff provides no description of the alleged mail tampering, nor does he allege that the tampering impeded him from litigating a nonfrivolous claim.  Because Plaintiff's allegations are wholly conclusory and fail to provide facts suggesting the requisite injury, the court dismisses the claim under Rule 12(b)(6).

In his second claim for relief, Plaintiff alleges, "On or about the 5th of March of 2024 Monica Smith did deny me access to law library in attempt to discourage filing this civil suit." *Id.* Lack of access to a prison's law library similarly may implicate a prisoner's constitutional right to access to the courts. *See Lewis*, 518 U.S. at 346. Prisoners, however, do not have "an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. As with claims of legal mail interference, the prisoner must plausibly allege actual injury. He must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (explaining that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). Plaintiff alleges that the denial of access to the law library was meant to discourage the filing of the instant lawsuit. Plaintiff, however, fails to allege that his efforts to pursue the instant action or any other claim were in fact impeded. As Plaintiff has failed to plausibly allege actual injury, his second claim for relief likewise fails under Rule 12(b)(6).

### III.    Plaintiff's Motion for Summary Judgment

On April 11, 2024, Plaintiff filed a Motion for Summary Judgment [Dkt. No. 20], to which Defendants responded [Dkt. No. 25] and Plaintiff replied [Dkt. No. 28]. Plaintiff's motion consists of the following statement: "As this is a matter of law and the defendants being in clear violation thereof the plaintiff would request the magistrate would grant his motion for summary judgment." Dkt. No. 20, at 1. Plaintiff's motion fails to comply with federal or local civil rules governing motions for summary judgment. Plaintiff does not "identify[] each claim or defense—or the part of each claim or defense—on which summary judgment is sought," Fed. R. Civ. P. 56(a), "stat[e] the material facts to which the movant contends no genuine dispute exists," LCvR 56.1(b), or "cit[e], with particularity, to . . . evidentiary material," LCvR 56.1(d). Accordingly, Plaintiff's

Motion for Summary Judgment is denied.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Dkt. No. 24] is GRANTED. This matter is dismissed without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. No. 20] is DENIED for failure to comply with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1. Plaintiff's remaining motions [Dkt. Nos. 13, 15] are DENIED as moot.

IT IS SO ORDERED this 14th day of February, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE